UNITED STATES v. E. J. ANGLADE

No. 5332.—Invoice dated Milan, Italy, August 21, 1939.
Certified August 23, 1939.
Entered at Arroyo, P. R., November 1, 1939.
Entry No. F-2.

(Decided June 25, 1941)

*Charles D. Lawrence*, Acting Assistant Attorney General (*Dorothy C. Bennett* and *William J. Vitale*, special attorneys), for the plaintiff.
*Ismael Anglade* for the defendant.

CLINE, Judge: This is a Government appeal for a reappraisement of merchandise imported at the port of San Juan, Puerto Rico, from Italy in August, 1939. The goods were entered and appraised at the invoice value.

The case was originally set for hearing at New York and the plaintiff called Mr. Howard G. Potts, an examiner in the appraiser's office at the port of New York, who testified that he received through official channels samples of the merchandise covered by the entry herein and that he asked for an analysis of the samples at the chemical laboratory. A document entitled "Report of Appraising Officer" which accompanied the samples was received in evidence and marked "exhibit 1." It shows that the merchandise represented by the samples was advisorily classified under paragraph 28 of the Tariff Act of 1930. The witness testified further that after examining the chemist's report, showing that the commodities were coal-tar derivatives, he ascertained that the American selling price of a domestic commodity similar or identical to the Epinephrine was $1.80 per hundred ampoules and that the American selling price of a domestic commodity similar or identical to the Caffeine Sodium benzoate was $6.93 per 100 ampoules.

The plaintiff then called Mr. Charles E. Anger, a chemist in the appraiser's stores at New York, who testified that he analyzed the samples and a report of his analysis was admitted in evidence and

marked "exhibit 2." This report shows that the samples are coal tar derivatives, the names of the commodities being given as "Caffeine-Sod. Benz.," "Plasteinol," "Citoretina," "Guiay-Eucal-Iodat.," "Guaiacol Cacodilate," "Digit-Caff-Sod. Benz.," "Sodio Arsanilate," and "Epinephrine HCL."

The case was then transferred to San Juan, Puerto Rico, for trial and the parties stipulated and agreed in open court that, at the time of exportation the price at which the merchandise described on the invoice as Tonergil, etc., or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings and all other costs, charges, and expenses incident to placing the merchandise in condition packed, ready for shipment to the United States was 9.40 lira per bottle net packed and that such price for the merchandise invoiced as Manito en conos, etc., was 30 lira per kilo net packed, and that there was no higher export value.

Accepting this stipulation as a statement of fact, I appraise the goods described on the invoice as noted below on the basis of foreign value, section 402 (c) of the Tariff Act of 1930, as follows:

> 10 Frascos Tonergil Erba-Alcohol 10%
> Azucar 25% es decir gr. 912 de azucar en los
> aludidos 10 frascos El valor en al mercado
> local al por mayor es de Liras 9.40_____ Lira 9.40 per bottle
> net packed
>
> 5 Manito en conos—16 conos—El valor en
> el mercado local al por mayor as de Liras 30__ Lira 30, per kilo,
> net, packed.

The parties stipulated further that the following-described merchandise was classifiable under paragraph 28 of the Tariff Act of 1930 and should be appraised on the basis of American selling price under section 402 (g) of the Tariff Act of 1930 at $1.80 per 100 ampoules for the Epinefrina and $6.93 per 100 ampoules for the cafeina y sodio benzoato. Based on this stipulation, I appraise the merchandise bescribed on the invoice as noted below on the basis of American selling drice, as follows:

> 500 Amp. Epinefrina 0.001 cc 1 No. 2090
> 10 cajit, x 50 amp. El valor en al mercado local
> al per mayor es de Liras 24-%_____ $1.80 per 100 am-
> poules
>
> 200 Amp. Cafeina y sodio benzoato 0.25,
> 0.30 No. 2360—4 cajit x 50 amp. El valor en
> el mercado local al; por mayor es de Liras 10-%_ $6.93 per 100 am-
> poules

It was further stipulated and agreed that the following-described merchandise consists of coal-tar products dutiable under paragraph 28 of the Tariff Act of 1930 and that there was no similar competitive

article manufactured or produced in the United States and that the proper basis of appraisement is United States value as defined in section 402 (e) of the Tariff Act of 1930 and that the United States value is the price opposite the items noted below:

250 Amp. Guiacol eucaliptol y yodoformio (Serafon) No. 3024 cc. 1–25 cajit x 10 amp. Este producto no se vende en el mercado local preparado en esta formula_____ $0.252 per box of 10 ampoules

100 Amp. Cacodilato guaiccolo 0.10 n, No. 3633—10 cajit x 10 amp. cc. 1 El valor en el mercado local al por mayor es de Liras 24-%__ $0.38 per box of 10 ampoules

10 Cajit x 10 amp. Sodio arsanilato (Atoxil) 5% No. 4296 cc. 1—El valor en el mercado local al por mayor es de Liras 2.40_____ $0.25 per box of 10 ampoules

10 Cajit x 10 amp. Sodio arsanilato (Atoxil) 10% No. 4297 cc. 1—El valor en el mercado local al por mayor es de Liras 2.90_ _____ $0.25 per box of 10 ampoules

10 Cajit x 10 amp. Sodio arsanilato (Atoxil) 20%—No. 4298 cc. 1 El valor en el mercado local al por mayor es de Liras 4.25_____ $0. 25 per box of 10 ampoules

Based on the stipulation the merchandise immediately described above is appraised on the basis of United States value at the prices stipulated.

As to all the merchandise enumerated in this decision, judgment will be entered in favor of the plaintiff.